**Exhibit A**

## Form 5A – EEOC Charge of Discrimination

## Particulars / Statement of Facts

Casille Fonseca v. Massachusetts State Police, Massachusetts State Police Association, and Related Parties

## Employment Background

Casille Fonseca served over 34 years with the Massachusetts State Police and over 4 years with the New Bedford Police Department.

Throughout his law enforcement career, I maintained extensive leadership, training, investigative principles, defensive driving, and public safety experience.

I was a dues-paying member of the Massachusetts State Police Association ("MSPA").

### Suspension Without Pay / Adverse Employment Actions

I was suspended without pay under Rule 314 for an extended period exceeding several months.

During this suspension, I suffered severe financial hardship, emotional distress, reputational harm, and loss of employment benefits.

The prolonged unpaid suspension occurred without timely resolution, final adjudication, or meaningful due process protections.

My employer failed to provide timely access to critical evidence and investigative materials necessary to defend myself.

### Denial of Due Process

I repeatedly requested investigative materials, including the OPIA report and related evidence, necessary for my defense.

The OPIA report was delayed for an extended period despite repeated requests.

Critical evidence was withheld while my employer continued disciplinary proceedings and pressure tactics.

Trial Board proceedings were scheduled before I had meaningful opportunity to review all evidence or secure adequate representation.

Leadership within MSP indicated Trial Board dates would proceed despite unresolved evidentiary and representation concerns.

I was informed or led to believe that retirement options could be negatively affected before completion of a fair hearing process.

Statements and communications suggested efforts to pressure me toward retirement rather than ensuring a fair disciplinary process.

**Failure of Representation / MSPA Issues**

I sought union assistance and conflict counsel through the MSPA.

The MSPA delayed decisions regarding funding or approval for outside counsel while simultaneously requiring additional documentation already known to exist.

Multiple communications with MSPA leadership went unanswered or were delayed.

I believed I was treated differently than similarly situated members regarding legal support and representation.

The MSPA required presentation before the Executive Board concerning funding for counsel while I remained suspended and financially distressed.

The union was aware of the seriousness of the disciplinary matter and the financial hardship caused by the prolonged unpaid suspension.

Despite this knowledge, meaningful representation and advocacy were delayed or insufficient.

**Discriminatory and Retaliatory Treatment**

I believe I was discriminated against and retaliated against because of protected activity and because I was treated differently than similarly situated employees.

**Examples include:**

Unequal treatment in disciplinary procedures.

Delayed access to evidence.

Failure to timely provide meaningful representation.

Pressure relating to retirement classification and pension consequences.

Threats or implications concerning dishonorable discharge classifications without legal basis.

Disparate handling of his disciplinary matter compared to other employees.

Actions that appeared intended to force resignation or retirement rather than provide a fair process.

Retaliatory conduct after raising concerns, requesting due process protections, seeking representation, and challenging procedural irregularities.

**Retirement / Pension Concerns**

MSP leadership indicated that my status may be viewed as "dishonorable," despite the absence of criminal conduct that would legally justify pension forfeiture under Massachusetts law.

**I disputed these assertions because:**

There was no qualifying criminal conviction.

No lawful basis existed for dishonorable discharge classification.

No legal basis existed for pension forfeiture.

These communications caused significant emotional distress and financial fear regarding retirement security earned over decades of public service.

**Lincoln, Rhode Island Police Department References**

References were made to the Lincoln Police Department during the course of the investigation and disciplinary process.

I believe outside agency involvement and related communications were improperly relied upon and contributed to discriminatory and retaliatory treatment.

I further believe information sharing and investigative coordination were handled in a manner that prejudiced me before a fair adjudication process occurred.

**Emotional, Financial, and Professional Harm**

As a result of the actions described above, I suffered:

Loss of income and employment benefits.

Severe financial hardship.

Emotional distress and anxiety.

Damage to professional reputation.

Interference with retirement planning and pension security.

Loss of professional opportunities.

Stress upon family relationships and personal wellbeing.

Basis for Belief of Discrimination

**I believe discrimination and retaliation occurred because:**

I was denied equal treatment and procedural fairness.

I was treated differently than similarly situated employees.

The disciplinary process lacked transparency and fairness.

Critical evidence was delayed or withheld.

Union representation and support were inadequately provided despite longstanding membership and service.

Actions taken against me appeared punitive, retaliatory, and designed to pressure separation from employment rather than provide impartial review.

The cumulative conduct of MSP, MSPA, and associated parties demonstrated a pattern of disparate treatment and denial of fair process.

**Court Findings / License to Carry Order Ignored**

During the course of the disciplinary proceedings initiated by the Massachusetts State Police ("MSP"), (I) Mr. Fonseca License to Carry ("LTC") was confiscated.

I challenged the seizure of his License to Carry in the Framingham District Court.

On January 14, 2025, the presiding judge ruled in favor of (Me) Mr. Fonseca and ordered that my License to Carry be returned immediately.

The Court's ruling reflected a judicial determination that the continued withholding of the License to Carry was not legally justified.

Despite the Court's direct order, MSP failed and refused to return my License to Carry.

As of May 16, 2026, approximately sixteen (16) months after the Court's order, the License to Carry still had not been returned.

I believe the refusal to comply with the Court's order demonstrates continuing retaliatory conduct, disparate treatment, abuse of authority, and denial of due process.

I further believe the prolonged refusal to comply with the Court's ruling was intended to punish, intimidate, and pressure me during ongoing disciplinary and retirement-related proceedings.

The continued withholding of the License to Carry caused additional emotional distress, reputational harm, financial hardship, and interference with rights restored by judicial order.

I believe this conduct is part of a broader pattern of unequal treatment and retaliation carried out during the disciplinary process by MSP and related parties.

"The actions taken against me included prolonged suspension without pay, denial of meaningful due process, delayed access to evidence, unequal union representation, pressure regarding retirement status, and continued retaliatory conduct even after a court ordered restoration of his License to Carry."

Supporting documents are available to support the findings listed above.